IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DAVID V. MAYO, for himself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION <br> : <br> : No. |
| v. | : <br> : |
| TITLEMAX OF DELAWARE, INC., | : <br> : |
| Defendant. | : <br> : |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant TitleMax of Delaware, Inc. ("Defendant" or "TitleMax"), hereby gives notice of the removal of the above-entitled action from the Court of Common Pleas of Philadelphia, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, TitleMax states as follows:

**I.      BACKGROUND**

1.      On or about June 2, 2021, Plaintiff David V. Mayo ("Plaintiff"), on behalf of himself and others similarly situated, commenced this action by filing a complaint in the Court of Common Pleas of Philadelphia, Pennsylvania, Case No. 210502840 (the "Complaint").

2.      Plaintiff alleges that, on April 10, 2021, he obtained a 48-month loan from TitleMax for $7,751.39 at an annual percentage rate of 132.01%. He alleges that the total loan repayment, which includes a finance charge of $33,452.71, is $41,204.10. (Compl. ¶¶ 15-16.)

3.      Plaintiff alleges that the "legal rate of interest for an unlicensed lender in Pennsylvania is only 6% per annum." According to Plaintiff, as a Pennsylvania resident, the permissible finance charge on his loan with TitleMax is only $986. (Compl. ¶ 18.)

4. According to the Complaint, Plaintiff seeks relief on behalf of himself and a putative class of Pennsylvania consumers for alleged violations of Pennsylvania's Loan Interest Protection Law ("LIPL"), 41 P.S. § 504, and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-3. (Compl. ¶¶ 30-51.) Specifically, Plaintiff seeks:

 a. A declaration on behalf of himself and the putative class that the LIPL applies to loans from TitleMax to Pennsylvania consumers (Count I, 42 Pa. C.S. §§ 7531-41);

 b. An individual award of actual and treble damages for Plaintiff's payments applied by TitleMax to interest above the rate set forth in the LIPL, and an injunction on behalf of the putative class from applying borrower payments to interest above the rate set forth in the LIPL (Count II, UTPCPL); and,

 c. An individual award of treble damages for Plaintiff's payments applied by TitleMax to interest above the rate set forth in the LIPL (Count III, LIPL).

5. Plaintiff defines the putative class as: "Citizens of Pennsylvania who may in the future enter into an agreement with TitleMax for a loan for personal, family, or household purposes, secured by the borrower's automobile, at a rate of interest at or greater than 30 % A.P.R." (Compl. ¶ 25.)[1]

## II. REMOVAL PROCEDURES

6. The Complaint was served on TitleMax on or about June 3, 2021. This Notice is therefore timely, as it is being filed within 30 days of receipt of the initial pleading as required by

---

[1] Although this action was filed by Plaintiff as a putative class action, TitleMax does not admit and expressly reserves the right to challenge that this action can proceed as a class action.

2

28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders" received by TitleMax are attached as **Exhibit A**.

8. Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania because the Court of Common Pleas of Philadelphia is located in this judicial district. 28 U.S.C. §§ 1441(a), 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel of record for Plaintiff, and a copy of this Notice of Removal is being filed with the Court of Common Pleas of Philadelphia, Pennsylvania.

10. By filing this Notice of Removal, TitleMax does not waive any defenses available to it under any applicable state or federal laws, regulations, or rules.

### III. CAFA JURISDICTION

11. Plaintiff brings this case as a putative class action. (Compl. ¶¶ 25-29.) This Court therefore has subject matter jurisdiction under CAFA because: (i) there is diversity of citizenship between at least one class member and one defendant; (ii) the aggregate number of putative class members is 100 or greater; (iii) and the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and 1453.

**A. Diversity of citizenship exists.**

12. CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff alleges that he is a citizen of Pennsylvania residing at 1247 Kerper Street in Philadelphia, Pennsylvania. (Compl. ¶ 1.)

3

14. Defendant is incorporated in Delaware. (Compl. ¶ 2.)

15. Because Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Delaware, CAFA's requirement of minimal diversity is satisfied.

**B.      The number of alleged class members exceeds 100.**

16. Plaintiff alleges that the putative class he seeks to represent is *all* "Citizens of Pennsylvania *who may in the future* enter into an agreement with TitleMax . . . ." (Compl. ¶ 25 (emphasis added).)

17. TitleMax was incorporated and began operating in Delaware in 2012. TitleMax plans to continually operate.

18. Based on records from the most recent, complete 12-month fiscal year in which TitleMax provided loans to borrowers who resided in Pennsylvania, TitleMax entered into loans with over 100 Pennsylvania residents at its brick-and-mortar locations in Delaware in only a few months of doing business.

19. Plaintiff seeks a permanent injunction, which would encompass years of potential borrowers who reside in Pennsylvania and travel to Delaware to enter into loan agreements with TitleMax. If, based on TitleMax's historical lending activities, the Court only looks at several months of potential Pennsylvania resident borrowers going forward, then, based on Plaintiff's proposed class definition, the putative class size easily exceeds 100. This purported class action thus meets the requirements of 28 U.S.C. § 1332(d)(5)(B).

**C.      The amount in controversy requirement is satisfied.**

20. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

Exhibit "P-1"                                    004

21. The "'amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) (citation omitted). In actions seeking equitable relief, "'it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation.'" *Id.* at 397-98 (citation omitted). And, the value of the object of the litigation is "the value of the rights which the plaintiff seeks to protect." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995). In measuring that value, "'the court may look not only at past losses but also at potential harm.'" *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 68 (3d Cir. 2020) (citation omitted).

22. Where a complaint alleges causes of action that provide for reasonable attorney's fees, the potential fees must also be considered in the amount-in-controversy calculation. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("We must also consider attorney's fees. Fees could be as much as thirty percent of the judgment.") (internal citation omitted).

23. Here, Plaintiff seeks a permanent injunction on behalf of himself and the putative class members preventing TitleMax from offering and collecting interest payments on loans to Pennsylvania resident borrowers with interest rates that exceed the limits set forth in the LIPL. (Compl. ¶¶ 36, 37.) If, based on TitleMax's historical lending activities, the Court only looks at 18 months (a conservative estimate) of potential Pennsylvania resident borrowers going forward, then the amount in controversy easily exceeds $5,000,000 in at least two different ways. *See, e.g., Excel Pharm.*, 825 F. App'x at 68 (measuring value of potential declaratory and injunctive relief "in the coming years" using historical information over "a three-year period").

5

24. First, Plaintiff alleges the amount he has to repay exceeds the permissible charge under the LIPL by approximately $32,466.71. (*See* Compl. ¶¶ 16, 18.) Therefore, based on TitleMax's historical lending activities (over 1100 borrowers for an 18-month time period going forward), and assuming the alleged impermissible charges Plaintiff owes is typical of the putative class members ($32,466.71), the value of the relief that the putative class members could realize is far in excess of $5,000,000 (1100 borrowers x $32,466.71). *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014) ("It is . . . not unreasonable to assume that [the named plaintiff], as the proposed class representative, has damages that are typical of the class.").

25. Second, based on records from the most recent, complete 12-month fiscal year in which TitleMax provided loans to borrowers who resided in Pennsylvania, looking forward only a conservative 18-month term, the aggregate total amounts to be repaid on principal loaned to Pennsylvania residents would be over $6,600,000. Therefore, the value of the relief that the putative class members could realize exceeds $5,000,000.

26. In sum, the value of the relief that Plaintiff seeks, including the potential reasonable attorney's fees, meets the requirements of 28 U.S.C. § 1332(d)(6).

WHEREFORE, TitleMax hereby removes this action from the Court of Common Pleas of Philadelphia, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Dated: July 2, 2021

Respectfully submitted,

/s/ *Richard J. Zack*
Richard J. Zack (PA 77142)
Brian M. Nichilo (PA 313786)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square

Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Fax: (215) 981-4750
richard.zack@troutman.com
brian.nichilo@troutman.com

*Counsel for Defendant TitleMax of Delaware, Inc.*